CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 11 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PATRICK D. TAYLOR, ) | |
| ) | Civil Action No. 7:05-CV-00244 |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

Petitioner Patrick D. Taylor brings this 28 U.S.C. § 2255 motion challenging his 262-month sentence for possession of cocaine base with intent to distribute and possession of a firearm during a drug trafficking crime. Taylor claims that the court improperly classified him as a career offender, that his attorney provided ineffective assistance, and that his guilty plea was not knowing and voluntary. This matter is before the court on the respondent's motion to dismiss. The court finds each of Taylor's claims to be meritless and therefore dismisses his petition.

I.

A grand jury indicted Taylor for possession of cocaine base with intent to distribute and possession of a firearm during a drug trafficking crime. Taylor pled guilty pursuant to a signed plea agreement. During the plea colloquy, Taylor stated under oath that he had received a copy of the indictment, that he had discussed the charges and his case with counsel, that he was fully satisfied with his counsel's representation, that his attorney had read the entire plea agreement to him before he signed, that he understood everything in the agreement, that no one had made any other or different promises or assurances to him to induce entry of the plea, that no one had forced him to enter the guilty plea, that he understood that he could be sentenced to anywhere

between five and forty years for each of the offenses and that the court would not be able to formulate an appropriate sentence until after reviewing a pre-sentence report, that he was waiving his right to directly and collaterally attack his sentence, and that his plea was knowing and voluntary. Finding that Taylor was fully competent and capable of entering an informed plea and that Taylor's guilty plea was knowing and voluntary, the court accepted his plea. The court sentenced Taylor to 262 months incarceration, which included a career-offender enhancement pursuant to U.S.S.G. § 4B1.1 based on Taylor's previous convictions for unlawful wounding and attempted criminal sale of a controlled substance. Taylor did not appeal. In his § 2255 motion, Taylor claims that the court improperly applied a career-offender enhancement to his sentence, that his attorney provided ineffective assistance by failing to object to the enhancement of his sentence and by advising him to plead guilty without discussing the possibility of a sentence enhancement, and that his plea was not knowing and voluntary because he was unaware of the potential for a career-offender enhancement.

## II.

Taylor's claim that the court improperly classified him as a career offender lacks merit. Under U.S.S.G. § 4B1.1, a court may classify a defendant as a career offender so long as the defendant was eighteen years old at the time he committed the current offense, the current offense is a "crime of violence" or a "controlled substance offense," and "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.2 defines a "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that has as an element the use, attempted use, or threatened use of physical force against the person of another" and defines a

2

"controlled substance offense" as "an offense under federal or state law, punishable by a term of imprisonment of more than one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." Taylor was over eighteen at the time he committed the current offense, and the current offense is clearly a "controlled substance offense." The court had before it a pre-sentence report detailing Taylor's previous conviction for unlawful wounding in Virginia and attempted criminal sale of a controlled substance in New York. Unlawful wounding qualifies as a "crime of violence" because it is punishable by a term of imprisonment of more than one year and because, by definition, it involves "the use, attempted use, or threatened use of physical force against the person of another."[1] Attempted criminal sale of a controlled substance qualifies as a "controlled substance offense" because it is punishable by a term of imprisonment of more than one year and because it is a state law offense involving the "distribution or dispensing of a controlled substance."[2] Thus, all the requirements of U.S.S.G. § 4B1.1 were met, and the court properly found that Taylor qualified as a career offender.[3]

---

[1] Va. Code § 18.2-51 states, "If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony." A Class 3 felony is punishable by a minimum of five years incarceration. Va. Code § 18.2-10(c).

[2] Under New York law, attempted criminal sale of a controlled substance in the third degree is punishable by up to twenty-five years in prison. N.Y. Penal Law §§ 70.00(2)(b), 220.39.

[3] Also, Taylor waived his right to collaterally attack his sentence as part of his knowing and voluntary plea agreement; therefore, Taylor has waived his claim of sentencing error. U.S. v. Lemaster, 403 F.3d 216, 220-23 (4th Cir. 2005). Moreover, he procedurally defaulted the claim when he failed to raise it on appeal. See Bousley v. U.S., 523 U.S. 614, 621 (1998).

### III.

Taylor claims that his attorney provided ineffective assistance by failing to object to the court's classification of Taylor as a career offender; however, because the court's classification and enhancement was not improper or erroneous, counsel's alleged failure to object could not be said to have prejudiced Taylor. See Strickland v. Washington, 466 U.S. 668 (1984) (requiring one who claims ineffective assistance to show both deficient performance and prejudice arising therefrom).

Taylor also claims that his attorney provided ineffective assistance by failing to advise Taylor of the potential for a career-offender enhancement. Taylor claims that, had his attorney properly advised him, he would not have pled guilty. However, during the plea colloquy, the court reminded Taylor that he could receive up to forty years for each offense and that the court would not be able to impose a sentence until after reviewing a pre-sentence report. This information did not deter Taylor from entering his plea. Thus, the court "properly informed [Taylor] of the potential sentence he faced" before he entered his plea, obviating any prejudice from counsel's alleged omission. See United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995).

### IV.

Finally, Taylor challenges the intelligence and voluntariness of his guilty plea, claiming that he would not have entered his plea had he known of the potential for a career-offender enhancement. This claim is a non-starter. During the plea colloquy, Taylor acknowledged the possibility that the court could sentence him to forty years for each of his offenses. Therefore, he cannot now claim that he was unaware of his potential sentence at the time he entered his plea.[4]

---

[4] Moreover, Taylor did not challenge the intelligence and voluntariness of his guilty plea on direct appeal, so he may not raise those issues on collateral review. See Bousley v. U.S., 523

4

## III.

For the reasons stated, the court grants the respondent's motion to dismiss.

**ENTER**: This 11th day of August, 2005.

_____
UNITED STATES DISTRICT JUDGE

---

U.S. 614, 621 (1998).